### Solomon Meyer, Adm'r, *v.* Dorrance & Sons.

1. Judgment: presumption of payment: pleadings in probate court.—No presumption in favor of the payment of a judgment will arise before the lapse of a year and a day from the date of its rendition; hence if within that time a judgment creditor of an insolvent estate, file his petition in the Probate Court,

for the purpose of compelling the administrator to give better security, it will be unnecessary for him to allege in it that the judgment is unpaid.

2. PROBATE COURT: PRACTICE: INSOLVENT ESTATE.—A judgment creditor of an insolvent estate, has the right to proceed against the administrator for better security, although he has not presented his judgment before the commissioner of insolvency, if the time for such presentation has not elapsed.

IN error from the Circuit Court of Jasper county.   Hon. S. W. Jones, judge.

*Freeman* and *Dixon,* for plaintiff in error.

*T. J.* and *F. A. R. Wharton, contra.*

FISHER, J., delivered the opinion of the court.

This was a petition filed by the creditors of an estate, in the Probate Court of Jasper county, against the administrator of said estate, alleging the securities of the administrator to be insolvent, and praying that he might be required to give other security. The administrator demurred to the petition, and the court overruled the demurrer, from which order this appeal has been prosecuted.

It is said that the petition does not aver that the petitioner's judgment has not been paid.   The judgment was recovered in October, 1855, and the petition was filed in June, 1856.   No presumption of payment could arise till after a year and a day from the recovery of the judgment, and this disposes of this cause of demurrer.   As to the other cause of demurrer, that the petition does not show that the judgment had been presented to the commissioner of insolvency—it is sufficient to state that the time for the presentation of claims does not appear to have elapsed.

Judgment affirmed.